STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

CHARLES BISESTO (CABN 271353)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6405
    FAX: (415) 436-7234
    Charles.Bisesto@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 21-206 CRB |
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | Judge: Hon. Charles R. Breyer |
| NICHOLAS RICHARS, | Sentencing Date: July 29, 2022 |
| Defendant. | Time: 12:30 p.m. |

**I.    INTRODUCTION**

The Government respectfully submits this sentencing memorandum regarding defendant Nicholas Richars, who is before the Court for sentencing for a violation of 18 U.S.C. §§ 2252(a)(2) and (b).

For the reasons set forth below, the Government agrees with Probation that the Court should sentence Mr. Richars to a sentence of 108 months imprisonment, fifteen years supervised release, and a $100 special assessment. The Government believes, however, that the Court can impose the five-level enhancement pursuant to USSG §2G2.2(b)(5), which would raise Mr. Richars' offense level to 31. The defendant's guidelines range with offense level 31 is 108-135 months. As a result, the Court need not

consider an upward departure pursuant to USSG §5K2.21 in order to sentence Mr. Richars to 108 months.

## II.     BACKGROUND

### A.     The Charged Conduct

For well over two years, the defendant, Nicholas Richars, engaged in a scheme to convince underage women to take graphic, nude photographs and videos of themselves and send them to him through social media. Specifically, the defendant would locate minors on public groups in the Snapchat application, engage with those minors, invite them to private Snapchat groups and request that the minors invite their female friends to the private groups. The defendant would then persuade the minors to produce and send him child pornography and other sexually explicit material. There can be no doubt that the defendant manipulated multiple young women, all for his own personal sexual gratification. The most relevant factor in this Court's determination should be the severe emotional impact these minor victims have suffered as a result of the defendants conduct. The defendant should be punished accordingly.

The Government agrees with Probation's description of the offense conduct as set forth in the Presentence Investigation Report ("PSR"). (*See* PSR ¶¶ 6–33.) The FBI's investigation revealed multiple minor victims who were contacted by the defendant and were ultimately convinced to produce and send sexually explicit images of themselves. The Government's summation of this evidence is pulled from both the PSR and the defendant's plea agreement (Dkt. 39.)

In December of 2017, AH met the defendant through a Snapchat group chat. (PSR ¶ 10.) In their conversations, AH told the defendant she was 16 years old. (*Id.*) They chatted daily and the defendant would occasionally ask AH to meet him at a hotel to have sex. (*Id.*) The defendant also directed AH to produce photographs of her nude or partially nude body. (*Id.* at ¶ 28.) On October 9, 2019, AH sent the defendant a video of her exposed breasts. (*Id.* at ¶ 27.)

AH's classmate and friend, RM, met the defendant through Snapchat in approximately November of 2017. (*Id.* at ¶ 8.) RM was 15 years old at the time the defendant initiated contact. (*Id.* at ¶ 25.) After a short time, the defendant began asking RM to send him nude photographs. (*Id.*) At the defendant's direction, RM sent the defendant photographs for approximately one year. (*Id.* at ¶¶ 8 and

31.) The defendant also sent RM photographs of his penis. (*Id.* at ¶ 8.) When searched by the FBI, the defendant's cell phone contained images of AH and RM kissing. (*Id.* at ¶ 18.) On October 9, 2018, almost a full year after they began conversing, RM sent the defendant a video of herself masturbating. (*Id.* at ¶ 26.)

On April 17, 2017, the defendant used his cell phone to contact a phone number determined to be associated with MS, a 16-year-old girl who lived in Northern Colorado. (*Id.* at ¶ 19.) In their correspondence, the defendant expressed sexual interest in MS and eventually convinced MS to send him photographs. (*Id.* at ¶¶ 20-21.) At the defendant's direction, MS produced and sent the defendant naked videos of herself through the Snapchat application. (*Id.* at ¶¶ 23 and 30.) Some of these videos depicted NS, who the defendant knew was the younger sister of MS. (*Id.* at ¶ 40.) In fact, on April 4, 2018 and then again on April 17, 2018, MS and NS sent the defendant sexual videos of themselves through the Snapchat application. (*Id.* at ¶¶ 23-24.)

Separately, the defendant sent sexually explicit messages to NS in October of 2017, despite knowing she was also under 18 years of age. (*Id.* at ¶¶ 22 and 40.) NS later revealed that she produced erotica at the direction of the defendant and sent the materials to the defendant over social media. (*Id.* at ¶ 30.)

In October and November of 2019, the defendant began conversing with a fifth victim, LF. (*Id.* at ¶ 29.) LF sent the defendant numerous videos through Snapchat, which included images of her topless, rubbing her breasts. (*Id.*) LF said she sent these videos at the defendant's request. (*Id.*) LF was 14 years old at the time of the conversation. (*Id.*) The defendant lied and told LF he was 15 years old. (*Id.*)

In his plea agreement, the defendant admitted that as early as October 30, 2016, the defendant began soliciting underage girls through his cell phone. (*Id.* at ¶ 40, *see also* Dkt. 39.) The first victim, BH, was 15 years old at the time they began conversing in 2016. (*Id.*) The defendant further admitted to exchanging explicit messages and sexually explicit images with MC, a 15-year-old, in July and August of 2018. (*Id.*) All told, the probation report and plea agreement indicate that the defendant successfully utilized his scheme on seven separate underage girls: AH, RM, MS, NS, LF, BH and MC. Additionally, the FBI's investigation revealed multiple other potential victims that appeared to be under

the age of 18, although the Government was unable to identify these individuals.  (*Id.* at ¶ 33.)

## III.   SENTENCING GUIDELINES CALCULATIONS

The Government agrees with Probation's calculation of a Criminal History Category I based on 1 criminal history point.  (*Id.* ¶ 57.)  Additionally, the Government generally agrees with Probation's Guidelines calculations (*Id.* ¶¶ 41–53).  However, the Government believes the Court can impose the five-level enhancement pursuant to U.S.S.G. § 2G2.2(5) because the defendant engaged in a pattern of activity involving sexual exploitation.  The Government asks this Court to consider the defendant's actions with all the mentioned victims as "relevant conduct" when sentencing the defendant for his violation of 18 U.S.C. §§ 2252(a)(2) and (b).

### A. The Court can consider the entirety of the defendant's behavior in imposing a sentence.

In determining the defendant's guideline range, the Court can consider relevant conduct.  (*see* U.S.S.G. §1B1.3.)  Subsection (a)(1) provides that relevant conduct includes actions of the defendant performed in preparation for the offense, during the offense, and after the offense to avoid detection.  (*Id.*)  The commentary to section 1B1.3 states: "Conduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guidelines range." (U.S.S.G. §1B1.3, comment, backg'd.)  In this case, although the defendant was only charged with possession of child pornography specific to his conduct on April 17, 2017 (*see* Dkt. 10.), the Court should still be able to consider the defendant's non-charged conduct with all the other listed victims.

The government's request is in line with pertinent case law.  In *United States v. Witte*, for example, the Supreme Court held that a sentencing court could consider uncharged cocaine importation in imposing a sentence on marijuana charges within the statutory range, without precluding the defendant's subsequent prosecution for the cocaine offense.  ((1995) 515 U.S. 389.)  "Consideration of information about the defendant's character and conduct at sentencing does not result in "punishment" for any offense other than the one of which the defendant was convicted." (*Id.* at 401.)  More relevant to the Court's analysis in this case, "the commission of multiple offenses in the same course of conduct also necessarily provides important evidence that the character of the offender requires special punishment." (*Id.* at 403.)  As a result, the Court is permitted to consider the entirety of the defendant's conduct against all of the victims listed in both the probation report and the plea agreement even if that

entire course of conduct is not listed in the Information or Indictment. The defendant should be punished "for the fact that the present offense was carried out in a manner that warrants increased punishment…" (*Id.*)

**B. The defendant engaged in a pattern of sexual abuse.**

If the Court considers the defendant's behavior with all seven listed victims, the five-level sentencing enhancement for engaging in a pattern of activity involving sexual exploitation must apply. The United States Sentencing Guidelines Manual defines "sexual abuse or exploitation" as any of the following:

(A) Conduct described in 18 U.S.C. § 2241. § 2242, § 2243, § 2251(a)-(c), §2251(d)(1)(B), §2251A, §2260(b), §2422, or §2423;

(B) An offense under state law, that would have been an offense under any such section if the offenses had occurred within the special maritime of territorial jurisdiction of the United States; or

(C) An attempt or conspiracy to commit any of the offenses under subdivisions (A) or (B).

However, "[s]exual abuse or exploitation does not include possession, accessing with intent to view, receipt, or trafficking in material relating to the sexual abuse or exploitation of a minor." (*see* U.S.S.G. §2G2.2(b)(5), application notes.)

The defendant's conduct falls within the parameters of 18 U.S.C. § 2251(a). That code section penalizes "any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in… any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct…" Here, on at least seven occasions, the defendant induced minors to take and send him nude images of themselves. In his plea, the defendant admitted to enticing four separate underage victims into creating and sending him child pornography. And as the probation report highlights, the evidence suggests there were as many as three additional victims the defendant used.

The sentencing guidelines explain "pattern of activity involving the sexual abuse or exploitation of a minor" means any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during

the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." (*see* U.S.S.G. §2G2.2(b)(5), application notes.)  Given that explanation, there can be no question that defendant engaged in a pattern of activity involving the sexual exploitation of minors.

Because the defendant's conduct against the previously mentioned victims is "relevant" and falls under the definitions laid out in the sentencing guidelines, the Court can impose the five-level enhancement pursuant to U.S.S.G. § 2G2.2(5).

### C. The Plea Agreement.

As noted in the PSR, with the exception of the enhancement pursuant to U.S.S.G. §2G2.2(b)(5), the parties agreed to the following Guidelines calculation in the Plea Agreement:

| | | |
|---|---|---:|
| a. | Base Offense Level, U.S.S.G. §2B3.1: | 22 |
| b. | Specific offense characteristics under U.S.S.G. Ch. 2 | |
| | i.  *Pattern of activity involving sexual exploitation, U.S.S.G. §2G2.2(b)(5)* | + 5 |
| | ii. Offense involved the use of a computer, U.S.S.G. §2G2.2(b)(3)(6) | + 2 |
| | iii. Offense involved more than 600 images, U.S.S.G. §2G2.2(b)(3)(7)(D) | + 5 |
| c. | Acceptance of Responsibility:<br>If I meet the requirements of U.S.S.G. §3E1.1, I may be entitled to a three-level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing. | - 3 |
| d. | Adjusted Offense Level: | 31 |

Based on a Criminal History Category of I, including the five-point enhancement pursuant to U.S.S.G. §2G2.2(b)(5) results in an Adjusted Offense Level of 31 and a Guidelines range of 108 to 135 months. The government asks that this Court sentence the defendant to the low end of that range, 108 months.

The government also recommends that the defendant be ordered to pay $5,000.00 in restitution and a $100 special assessment and be ordered to abide by the conditions of supervised release laid out in the PSR.

Finally, the Government requests that the Court impose the following suspicionless search

condition as part of any subsequent term of supervised release:

> You must submit your person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), or any property under your control to a search. Such a search must be conducted by a United States Probation Officer or any federal, state or local law enforcement officer at any time with or without suspicion. Failure to submit to such a search may be grounds for revocation. You must warn any residents that the premises may be subject to searches.

## V. CONCLUSION

For the foregoing reasons, the Government recommends that the Court sentence the defendant to 108 months of imprisonment, 15 years supervised release, a $100 special assessment, $5,000 in restitution, and forfeiture consistent with 18 U.S.C. § 2253(a) and 21 U.S.C. § 853(p). The government also requests that the Court order, as conditions of supervised release, all of the provisions requested by probation in the Presentence Investigation Report. (*See* PSR ¶ 88.)

DATED: July 22, 2022                             Respectfully submitted,

                                                 STEPHANIE M. HINDS
                                                 United States Attorney


                                                 /s/ Charles Bisesto
                                                 CHARLES F. BISESTO
                                                 Assistant United States Attorney